IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICK BANKS, #05711-068                                                     PETITIONER

VS.                             CIVIL ACTION NO. 5:09cv185-KS-MTP

BRUCE PEARSON                                                        RESPONDENT

MEMORANDUM OPINION AND ORDER

This cause is before the Court, <u>sua</u> <u>sponte</u>. The petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Having considered the allegations of the petition [1] filed on November 6, 2009, and response [5] filed on February 8, 2010, this Court finds that this civil action should be dismissed.

I. BACKGROUND

The petitioner, who is incarcerated at FCI-Yazoo City, Mississippi, was convicted in the United States District Court of the Western District of Pennsylvania. According to his sentence computation data sheet attached to his response [5], he was sentenced to serve 123 months in the custody of the Bureau of Prisons. The petitioner states in his response [5] that the Bureau of Prisons projects he will be eligible for release on May 23, 2013.

II. PETITIONER'S GROUND FOR RELIEF

In his petition [1] filed November 6, 2009, the petitioner states the following as his ground for habeas relief:

> The BOP improperly failed to award [petitioner] 540 days of good time [petitioner is] entitled to as an American Indian in violation of [petitioner's] Fifth Amendment right to due process.

The petitioner argues that the BOP calculates the award of good-time credit based on actual time served rather than on the sentence imposed by the Court. *Pet.* [1] p.4. The petitioner claims that

because he is an American Indian, "the BOP must award good time based on the sentence imposed rather than the time served." *Pet.* [1] p.4. Because of BOP's calculation of his good-time credits based on actual time served and not on the sentence imposed, the petitioner asserts that the BOP will credit his sentence with only 482 days instead of the correct 540 days. *Pet.* [1] p.5.

## III. DISCUSSION

The petitioner is challenging the execution of his sentence which is properly filed pursuant to 28 U.S.C. § 2241. *See United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992). However, for this Court to have jurisdiction of this matter it must be ripe for review. *See Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005)(citations omitted). Under the allegations of the instant petition, because the petitioner is not eligible for release until 2013, this Court lacks jurisdiction to consider petitioner's argument that he as an American Indian should receive good time credit based on the sentence he received instead of the BOP's calculation of good time credits being based on the time actually served. Clearly, this claim fails to establish that the petitioner "will sustain immediate injury" and "that such injury would be redressed by the relief requested." Sample v. Morrison, 406 F.3d 310, 312 (5th Cir. 2005) (quoting Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994)). Consequently, this § 2241 petition is not ripe for review.

However, assuming *arguendo* that the petitioner's claim is ripe for review, the issue presently before this Court has been addressed by the United States Court of Appeals for the Fifth Circuit in Moreland v. Federal Bureau of Prisons, 431 F.3d 180 (5th Cir. 2005), cert. denied, 126 S.Ct. 1906 (2006). In Moreland, the Fifth Circuit held that 18 U.S.C. § 3624 is unambiguous and therefore, neither the rule of lenity nor the BOP's interpretation of the statute under Chevron, U.S.A. v. Natural Resources Defense Council, Inc., 467 U.S. 387, 842-44 (1984)

was required to be addressed.  Moreland, 431 F.3d at 180.

In adopting the analysis of Sample v. Morrison, 406 F.3d 310 (5th Cir. 2005) and Tatu v. Rasbeary, 142 Fed. Appx. 215, (5th Cir. 2005), the Fifth Circuit in Moreland held that the BOP's method of calculating good time credit based on the time actually served is supported by the plain language of the statute.  Moreland v. Federal Bureau of Prison, 431 F.3d 180 (5th Cir. 2005), cert. denied, 126 S.Ct. 1906 (2006).  The Fifth Circuit in Sample explained that

> [i]t is plain from the statute that an inmate must earn good time credit; the statute grants the BOP itself the power to determine whether or not, during a given year, the inmate has complied with institutional disciplinary rules.  Good time credit thus is not awarded in advance, and any entitlement to such credit for future years is speculative at best.

Sample, 406 F.3d at 313.  Therefore, 18 U.S.C. § 3624 does not require the BOP to credit the petitioner's sentence with 54 days of good time credit, in advance, for each year of the sentence imposed.  Moreover, 18 U.S.C. § 3624 does not provide that good time credits be awarded based on the prisoner's nationality and this Court is not persuaded by the case law argued by the petitioner to support this argument.  Consequently, the petitioner's argument that as an American Indian he should be awarded good time credit for the sentence imposed instead of the time actually served is incorrect.  With that in mind, the petitioner's claim that he must be awarded 540 days of good time credit is without merit.

## IV. CONCLUSION

For the reasons discussed in this Memorandum Opinion and Order, the Court finds that the petition should be denied and this civil action be dismissed with prejudice.

SO ORDERED, this the 17th day of May, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE